# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID LOGAN,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        CIVIL ACTION NO 07-1759
                                      )
                                      )        Magistrate Judge Bissoon
MELVIN S. LOCKETT, *et al.*,          )
                                      )
            Defendants.               )

## <u>ORDER</u>

David Logan's prisoner civil rights suit commenced with the filing of his complaint on January 2, 2008. On June 11, 2008, a summons was returned (Doc. 21) with respect to Defendant Abdullah Rahim Muhammad, identified by Logan as the "Islamic Chaplain" at the State Correctional Institution at Greensburg ("SCI-Greensburg")(Doc. 3). The return of service form reflects that service was made at SCI-Greensburg by leaving a copy of the complaint with "Lt. Thomas Sullenberger (Sec. Lt.)" (Doc. 21). Logan now seeks entry of default against Defendant Muhammad, who has not answered or otherwise responded.

Rule 4 of the Federal Rules of Civil Procedure requires that a copy of a summons and complaint be delivered to a defendant or his appointed agent personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there. Fed. R. Civ.P. 4(e)(2). Here, the proof of service shows that service was attempted by leaving the complaint and summons with a corrections officer at SCI-Greensburg. There is, however, no indication that this person, Lt. Sullenberger, had any authority to accept service on behalf of Defendant Muhammad. Indeed, it is not clear what, if any, employment

relationship Defendant Muhammad has with the Pennsylvania Department of Corrections. Thus, service has not been effectuated under Rule 4(e)(2).

However, Rule 4(e)(1) also permits service as permitted under state law. In this respect, Rule 402 of the Pennsylvania Rules of Civil Procedure provides that original process may be served "by handing a copy to the defendant" or "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. 402. Again, Defendant Muhammad was not personally served, and there is no evidence on this record that the person served is Defendant Muhammad's agent. Further, even if the Court were to assume that Defendant Muhammad is an employee of the Department of Corrections, under Pennsylvania law, the provision for service at a usual place of business on the person "in charge" does not apply where the person being served is an employee. City of Philadelphia v. Davis, 373 A.2d 1154, 1155 (Pa.Cmwlth. 1977) (interpreting prior rule, service of process on defendants' supervisor at place of employment was insufficient). Therefore, proper service has not been effectuated under Pennsylvania law, and Rule 4(e)(1) is not applicable.

Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to the entry of default. E.g., Fisher v. Lynch, 531 F.Supp.2d 1253, 1269 ftnt. 12 (D.Kan., 2008). Logan has not properly served Defendant Muhammad, making entry of default inappropriate in this case.

AND NOW this 3rd day of September, 2008,

IT IS HEREBY ORDERED that the Request for Entry of Default (Doc. 34) is DENIED.

IT IS FUTHER ORDERED that Plaintiff shall provide proper instructions, U.S. Marshal Form 285 for service upon Defendant Muhammad, along with a completed notice and waiver of summons form, to the Clerk of Court, for the Western District of Pennsylvania, on or before

September 22, 2008. Plaintiff is cautioned that service cannot be made at Defendant

Muhammad's place of employment.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to

appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for

Magistrates. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
**DAVID LOGAN**
BY-8070
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601